01:12:40

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


ASTRA ZENECA AB,                    )
                                    )
            Plaintiff,              )
                                    ) C.A. No. 18-664(RGA)
v.                                  )
                                    )
ZYDUS PHARMACEUTICALS (USA), INC.,) 
                                    )
            Defendant.              )


                    Thursday, September 19, 2018
                    2:00 p.m.
                    Chambers Conference


                    844 King Street
                    Wilmington, Delaware


BEFORE:  THE HONORABLE RICHARD G. ANDREWS
         United States District Court Judge



APPEARANCES:


            McCARTER & ENGLISH LLP
            BY:  DANIEL SILVER, ESQ.

             -and-

            FINNEGAN HENDERSON FARABOW GARRETT & DUNNER
            BY:  JILL K. MAC ALPINE, ESQ.
            BY:  RYAN O'QUINN, ESQ.
            BY:  M. DAVID WEINGARTEN, ESQ.


                    Counsel for the Plaintiff

1    APPEARANCES CONTINUED:

2

3

4                    PHILLIPS GOLDMAN McLAUGHLIN & HALL
                     BY:  MEGAN C. HANEY, ESQ.
5
                      -and-
6
                     LOCKE LORD LLP
7                    BY:  MICHAEL J. GAERTNER, ESQ.
                     BY:  MIKI GOODIN, ESQ.
8
                              Counsel for the Defendant
9

10

11

12                         - oOo -

13                    P R O C E E D I N G S

14           (Proceedings commenced at 2:00 p.m., in

15    chambers.)

16

01:52:58 17

02:03:01 18           THE COURT:  Good afternoon.  Please be seated.

02:03:04 19           So this is AstraZeneca AB versus Zydus, Civil

02:03:09 20    Action Number 18-664.

02:03:12 21           Mr. Silver, you're signed up on plaintiff's side

02:03:14 22    so I assume you represent the plaintiff.

02:03:16 23           MR. SILVER:  That is correct, Your Honor.

02:03:17 24           THE COURT:  Who have you got with you here?

02:03:17 25           MR. SILVER:  I'm joined today to my left by Jill

02:03:23  1   MacAlpine from Finnegan Henderson, Ryan O'Quinn from

02:03:24  2   Finnegan Henderson, David Weingarten from Finnegan

02:03:28  3   Henderson, and from AstraZeneca we have Kirsten Braun and

02:03:35  4   Mita Mukherjee.  Sorry.

02:03:37  5            THE COURT:  Mukherjee.  Thank you, Mr. Silver.

02:03:43  6            Off the record.

02:03:49  7            (Discussion off the record.)

02:03:49  8            THE COURT:  Ms. Haney, how are doing?

02:03:53  9            MS. HANEY:  I'm doing well, Your Honor.  Megan

02:04:06 10   Haney from Phillips Goldman on behalf of Zydus.  With me

02:04:13 11   today is Mike Gaertner from Locke Lord, and Miki Goodin.

02:04:13 12            MR. GAERTNER:  Good afternoon, Your Honor.

02:04:14 13            THE COURT:  Good afternoon to everyone.

02:04:17 14            So I got the scheduling order which is kind of

02:04:22 15   lengthy, and I think -- but I think that in fact despite its

02:04:31 16   length, you all mostly agreed on everything other than

02:04:37 17   possibly something on page four about depositions, and I

02:04:47 18   didn't think there was actually that much difference between

02:04:50 19   what the two of you proposed.  And basically I understood

02:04:55 20   both positions to be essentially that at some point in the

02:04:59 21   future when we have a better sense of what's going on, we'll

02:05:02 22   do something reasonable.

02:05:03 23            MR. SILVER:  Your Honor, from our perspective

02:05:05 24   that's exactly it.  Right now there are nine

02:05:08 25   patents-in-suit.  I think everyone understands we're not

02:05:12  1    going to have nine patents-in-suit six or eight months from

02:05:15  2    now, I think it makes sense as we approach document

02:05:19  3    production, as we approach depositions let's get together

02:05:21  4    then and figure out what's reasonable for both sides in

02:05:24  5    terms of inventors, number of fact witnesses and we think

02:05:27  6    that's an appropriate way to deal with it.

02:05:30  7              THE COURT:  Perhaps I summarized this more

02:05:33  8    favorably to the plaintiff than to the defendant because I

02:05:36  9    actually marked the plaintiff's language being the language

02:05:39 10    I preferred.  Is there something that defendant is trying to

02:05:42 11    accomplish here that I'm missing?

02:05:44 12              MR. GAERTNER:  No, Your Honor.  We talked a

02:05:46 13    little bit in the hallway.  Essentially we're not quite sure

02:05:50 14    what your preference is.  Many times the Court wants at

02:05:52 15    least some parameters to the depositions.

02:05:54 16              THE COURT:  I'm perfectly happy because

02:06:00 17    Mr. Silver a lot and Ms. Haney some, too, I see them,

02:06:06 18    they're reasonable people, they work with reasonable people,

02:06:09 19    so I expect you all to be reasonable, too.  So I'm perfectly

02:06:13 20    happy under this circumstance to put it off to I guess

02:06:19 21    thirty days before the deadline for substantial completion

02:06:22 22    of document production.  Okay?

02:06:23 23              MR. SILVER:  Thank you, Your Honor.

02:06:24 24              MR. GAERTNER:  Sure.

02:06:26 25              THE COURT:  All right.  Was there anything else

02:06:31  1    in the body of this that required some discussion?

02:06:36  2             MR. SILVER:  I don't believe so, Your Honor,

02:06:37  3    other than the dates that impact the Court.

02:06:40  4             THE COURT:  Yes.  Okay.  Well, so the first

02:06:43  5    thing is the trial date, so February 10th of 2021.  I'm not

02:06:51  6    sure when you're going to get down to a reasonable number of

02:06:55  7    patents, but it's a three-day trial.  So maybe that will

02:06:59  8    help.

02:07:00  9             MR. SILVER:  Your Honor, can we speak about that

02:07:02 10    for just one second.  And I fully expected Your Honor to say

02:07:06 11    that.

02:07:07 12             THE COURT:  See, I told you Mr. Silver sees a

02:07:10 13    lot of me.

02:07:10 14             MR. SILVER:  Without revealing anything

02:07:12 15    confidential, we have twenty other ANDA applicants and

02:07:18 16    thirty-four paragraph 4 notices, so we expect --

02:07:21 17             THE COURT:  You're saying this is like the start

02:07:25 18    of the armada?

02:07:27 19             MR. SILVER:  That's right, Your Honor.  I

02:07:29 20    understand that there is probably no circumstance under

02:07:32 21    which Your Honor is going to give us ten days, but maybe

02:07:34 22    could we pencil in five with the understanding that it would

02:07:38 23    drop as time goes on.

02:07:39 24             THE COURT:  So I'm willing to do this, because I

02:07:42 25    did not know that so I appreciate you bringing that up.  I'm

02:07:47 1  perfectly willing to block out an entire week.  So we need

02:07:52 2  to put some way in here -- or so actually what I would like

02:08:00 3  to do is say we only have one defendant right now, I would

02:08:04 4  like to say three days, but yes, if there are however many

02:08:12 5  filers you mentioned coming along, obviously we'll have to

02:08:17 6  work out something, because three days is just not possible

02:08:20 7  under any scenario.  So I will -- is February 10th, I didn't

02:08:29 8  actually check, is that like the week of Washington's

02:08:32 9  birthday, President's Day?

02:08:35 10          MR. GAERTNER:  It's the week before President's

02:08:38 11  Day.

02:08:38 12          THE COURT:  So it's a five-day week.  So I will

02:08:45 13  ask to have it on my calendar as five days.  And I take it

02:08:49 14  if there are people coming down the pipeline, we're going to

02:08:53 15  be having some more meetings like this before too long and

02:08:56 16  that will give me a chance to talk about this some more.

02:09:00 17          MR. SILVER:  I thought it made sense to mention

02:09:03 18  it before.

02:09:03 19          THE COURT:  It does a hundred percent.  It does

02:09:06 20  a hundred percent.

02:09:08 21          MR. GAERTNER:  Your Honor, just further to that

02:09:09 22  point, since this was an NC minus one case, so usually

02:09:14 23  everybody files the ANDA on the same date that they're

02:09:17 24  eligible to do it and that date has long since passed, and I

02:09:21 25  don't know whether there is going to be any parameters as to

02:09:24  1    when any of these defendants are going to be joined into the

02:09:27  2    case, they'll want to have input into the schedule.

02:09:29  3           THE COURT:  Don't they have to file if they want

02:09:32  4    to take advantage of the stay within forty-five days of

02:09:35  5    whenever they got notice?

02:09:37  6           MR. SILVER:  I don't want to reveal anything

02:09:39  7    confidential, Your Honor.  The expectation is the case will

02:09:43  8    grow.

02:09:43  9           THE COURT:  And pretty soon.

02:09:46  10          MS. MAC ALPINE:  I'm not sure that we can say

02:09:48  11   that.  The circumstances are out of our control.

02:09:51  12          THE COURT:  Okay.

02:09:54  13          MR. SILVER:  But on that point, Your Honor, I

02:09:57  14   believe February 10th is a Wednesday, of 2021, with a

02:10:04  15   three-day trial made perfect sense.

02:10:07  16          THE COURT:  Which except I don't like to start

02:10:10  17   trials on Wednesday, so I'm surprised if that's correct.

02:10:16  18          MR. GAERTNER:  It is.

02:10:16  19          THE COURT:  Well I'm surprised.  Let me just

02:10:19  20   check and see if there is some actual reason that I'm not

02:10:23  21   aware of that is why this is.  For reasons that are unclear,

02:10:43  22   my iPad seems to be frozen.  All right.  In any event,

02:10:47  23   somebody has a calendar and the date is not February 10th,

02:10:52  24   it should be February 8th.

02:10:53  25          MR. SILVER:  The 8th is the Monday, Your Honor.

02:10:56  1          THE COURT:  So then I guess January 31st for the

02:10:59  2   pretrial conference.  That's probably a Sunday.

02:11:04  3          MR. SILVER:  That's right, Your Honor.  Happy to

02:11:07  4   accommodate, of course.

02:11:08  5          THE COURT:  No, that's probably like Super Bowl

02:11:11  6   Sunday, so I don't think we'll be doing that.  So if it is

02:11:22  7   Super Bowl Sunday, I don't know where you all are from, if

02:11:26  8   we have the pretrial conference on the Friday, is that going

02:11:29  9   to interfere with anybody's plans?

02:11:33 10          MR. GAERTNER:  Hope springs eternal, but hard to

02:11:36 11   say at this point.

02:11:37 12          THE COURT:  I'm going to write in January 29th

02:11:40 13   for the pretrial conference at 10:00 a.m.  And the trial

02:11:44 14   will be February 8th.

02:11:52 15          MS. MAC ALPINE:  It won't help with your

02:11:54 16   previous bookings.

02:11:55 17          THE COURT:  That's actually what I was looking

02:11:57 18   for.  That's what it is.

02:12:00 19          Okay.  And then so I'm going to give you the

02:12:03 20   claim construction date that I have down here and you can

02:12:06 21   tell me whether I need to move that by a day or two.  It is

02:12:13 22   January 29 of 2020.  It is a Wednesday.  That's the date it

02:12:27 23   should be.  So 9:00 a.m. on January 29 of 2020.

02:12:34 24          So that's basically everything that's in here

02:12:37 25   that's disputed and needed to be resolved; is that right?

02:12:41  1          MR. SILVER:  That's correct, Your Honor.

02:12:43  2          MS. MAC ALPINE:  Yes.

02:12:43  3          MR. GAERTNER:  That's correct, Your Honor.

02:12:44  4          THE COURT:  Mr. Silver, if you can refile that.

02:12:47  5    I will sign it.

02:12:48  6          So I was curious because I did see -- because

02:12:52  7    when I saw the ten-day bench trial, I was wondering, you

02:12:59  8    know, my normal reaction have these people lost their mind,

02:13:03  9    and so then I looked and I saw AstraZeneca asserting two

02:13:09 10    patents and I doubled down on my original thought.  And then

02:13:13 11    I saw this thing about the seven unasserted Orange Book

02:13:17 12    patents, or at least I think that's what they are.

02:13:20 13          Because this has not really come up for me

02:13:25 14    before, when you have Orange Book patents and they're not

02:13:32 15    asserted after a paragraph 4 certification, what does that

02:13:37 16    mean?

02:13:39 17          MR. GAERTNER:  Well, Your Honor, we have asked

02:13:41 18    them for covenants not to sue to make sure we don't bring

02:13:45 19    them later.

02:13:46 20          THE COURT:  No, I saw that part, or I figured

02:13:48 21    that part out or something.  What I meant is this, when you

02:13:52 22    have asserted, or paragraph 4, whatever the verb is, against

02:13:56 23    these nine patents, and they then sue on two of them, does

02:14:01 24    that mean absent anything else they can just wait around

02:14:06 25    until you make your product and then file the other seven

02:14:09   1    saying you infringe?

02:14:10   2              MR. GAERTNER:  That's what we're trying to

02:14:12   3    prevent, Your Honor.

02:14:13   4              MR. SILVER:  Your Honor, outside the context of

02:14:15   5    this case, just generally speaking there are instances in

02:14:20   6    which, for instance, you may have a compound patent that

02:14:23   7    you're going to sue on.  There may be other patents that are

02:14:26   8    directed to formulations or something like that that from

02:14:29   9    the materials you receive prior to filing.  It isn't

02:14:33  10    necessarily clear whether or not that's a patent that you

02:14:35  11    want to assert or need to assert.

02:14:37  12              THE COURT:  No.  I understand the confidential

02:14:40  13    access can cause people to do things.  And I guess what I'm

02:14:46  14    wondering is if, for example, because of confidential access

02:14:50  15    a plaintiff decides not to sue on some paragraph that's

02:14:54  16    listed in the Orange Book against this particular ANDA, what

02:15:00  17    happens normally?  Do the parties normally come to some

02:15:09  18    understanding as to -- about these other seven?

02:15:14  19              I guess what I'm wondering is it seems to me

02:15:18  20    it's hard to believe you can just have this whole ANDA thing

02:15:21  21    and a plaintiff could say yeah, we'll sue on half now and

02:15:26  22    we'll wait for you to actually launch and then we'll sue on

02:15:29  23    the other half for damages.  Is that something that can

02:15:33  24    happen?

02:15:33  25              MR. SILVER:  Theoretically, but I think the

02:15:36  1    generic defendants in that instance if they have a real

02:15:40  2    concern about the patents that weren't asserted have the

02:15:42  3    ability to bring the declaratory judgment to cut off that

02:15:47  4    possibility.

02:15:50  5              THE COURT:  I think -- go ahead, Mr. Silver.

02:15:54  6              MR. SILVER:  So if the branded company doesn't

02:15:57  7    sue within forty-five days of seeing the notice, then the

02:16:01  8    generic can bring a declaratory judgment, that way they can

02:16:06  9    get the certainty they want before they launch the product.

02:16:11 10              THE COURT:  Okay.  Anything else anyone has to

02:16:17 11    say about this?

02:16:18 12              MR. GAERTNER:  No, I would certainly agree with

02:16:20 13    Mr. Silver.  That's why we have the issue about what the

02:16:23 14    size of the Zydus case would be because we're in discussion

02:16:27 15    with them to get covenants on these patents so we can

02:16:32 16    dispose of those and turn it into a two-patent case,

02:16:36 17    essentially.

02:16:36 18              THE COURT:  Anything else you want to talk about

02:16:38 19    while you're here?

02:16:41 20              MS. MAC ALPINE:  No.  Thank you.

02:16:42 21              MR. GAERTNER:  Nothing from the defendant, Your

02:16:43 22    Honor.

02:16:43 23              THE COURT:  Okay.  All right.  I'll look forward

02:16:45 24    to getting a resubmission from Mr. Silver which I guess

02:16:50 25    since you don't have to actually negotiate anything

02:16:52  1    shouldn't be too hard.  And I guess I will at least see this

02:16:56  2    side of the room or some portion of it again soon.  Or maybe

02:17:02  3    not so soon.  And I look forward to seeing you all down the

02:17:05  4    road.

02:17:10  5                    (Conference concluded at 2:17 p.m.)

          6

          7    I hereby certify the foregoing is a true and accurate
               transcript from my stenographic notes in the proceeding.
          8

          9                          /s/ Dale C. Hawkins
                                    Official Court Reporter
         10                          U.S. District Court

         11

         12

         13

         14

         15

         16

         17

         18

         19

         20

         21

         22

         23

         24

         25