IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTRAZENECA AB, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:18-cv-664-RGA |
| | : | |
| ZYDUS PHARMACEUTICALS (USA) INC., | : | |
| | : | |
| Defendant. | : | |

ORDER ON MOTIONS IN LIMINE

In preparation for the pretrial conference scheduled for May 7, 2021, I rule on the four motions in limine presented in the proposed pretrial order.

PMIL.  Plaintiff says Dr. Savic's supplemental expert report at ¶¶ 8-10 and 19-21 exceeded the scope permitted by the order allowing the supplemental report.  Plaintiff also states that Dr. Savic is not qualified to offer the opinions in the last three paragraphs.  (D.I. 136, Ex. P, at 217 of 444).  Defendant's response is that the six paragraphs are responsive to Dr. Thisted's supplemental opinions, and that the last three paragraphs are within Dr. Savic's biostatistician expertise.  (*Id*. at 269-71 of 444).

As for the first three paragraphs, they seem to be fairly basic background for what Dr. Savic says thereafter.  As for the second three paragraphs, they seem to be responsive to what Dr. Thisted said in his supplemental report; I do not believe they are beyond Dr. Savic's expertise,

although Plaintiff can certainly cross-examine her about that. I do not see a violation of the relevant court order.[1] The motion in limine is **DENIED**.

DMIL #1. Defendant seeks to exclude testimony and evidence that relate to positions it and its experts took in relation to the patent-in-suit (as prior art) in District of New Jersey litigation involving other patents. (D.I. 136, Ex. Q, at 320 of 444). The evidence, which is described as trial transcripts, expert reports, invalidity contentions, proposed findings of fact and conclusions of law, and "support documents" (consisting altogether of about fourteen proposed exhibits) is asserted to be irrelevant, hearsay, and in any event excludable under Rule 403. (*Id.*). Plaintiff responds asserting that it seeks to use Defendant's "admissions." (*Id.* at 331 of 444). It argues that the expert testimony should be admitted as an adoptive admission or under the residual exception to the hearsay rule. (*Id.* at 333 of 444). It notes Defendant's focus on what the experts said in the prior litigation, and says the other items are conceded not to be hearsay and are not hearsay. (*Id.*).

I am not too concerned about relevancy and Rule 403, because I expect I can ignore the irrelevant and the "unfair prejudice." Hearsay, though, is an issue. It applies to the trial transcripts, expert reports, the court's findings of fact and conclusions of law, and perhaps to the "support documents," whatever they may be. On the other hand, invalidity contentions and proposed findings of facts and conclusions of law (PTX0154 & PTX0155) are statements of Defendant's authorized agents within the scope of their agency. They are admissions. I think the law is that sponsored expert testimony is not attributed to its sponsor, and it does not become an adoptive admission simply because the party advocates for its acceptance in a different case.

---

[1] I also note that Plaintiff had the opportunity to depose Dr. Savic after the supplemental report. (D.I. 136 at 224 of 444). Even if there were a violation of the court order, there would be no prejudice to Plaintiff.

The residual exception reference is an undeveloped throw-away argument. Thus, the motion in limine is **GRANTED** as to trial transcripts, expert reports, and the New Jersey court's opinion,[2] **DENIED** as to PTX0154 & PTX0155, and **DEFERRED** as to the "support documents," about which the parties should meet and confer to see if there remains a dispute about them. If there is, the parties should present the dispute in some format so that I can resolve it before trial.

DMIL #2. Defendant seeks to exclude evidence of reissue proceedings that were abandoned. (D.I. 136 at 352 of 444). On reply, Defendant emphasizes that it is seeking to preclude "argument," not evidence.[3] (*Id*. at 410 of 444).

It seems to me that what is or is not a persuasive argument to the court in a bench trial is something that can be addressed in the post-trial briefing. The motion in limine is **DENIED**.

DMIL #3. Defendant seeks to prevent one of Plaintiff's experts from telling the invention story[4] of WO '128, which appears to claim some C-glucosides. (D.I. 136 at 413 of 444). Defendant says it is irrelevant to obviousness (which it says concerns "the selection of dapagliflozin from the genus of C-glucosides"), or, if it is relevant, that it should be excluded under Rule 403 because it will confuse me as to what is or is not prior art. (*Id.* at 414-15 of 444). Plaintiff responds that what led up to WO '128 is relevant to non-obviousness including secondary considerations. (*Id.* at 433 of 444). Defendant replies that, since WO '128 is prior art,

---

[2] Simply because court opinions are published does not make the contents non-hearsay when the opinion is offered to prove what is said in the opinion is true.

[3] I note that Defendant literally did seek to "preclude Plaintiff from presenting evidence" in its motion. (D.I. 136 at 352 of 444).

[4] As a side note, I feel fairly confident that in more than fifty patent trials, I have not heard an "invention story" told by someone who was not an inventor. Perhaps the hearsay rules have something to do with that.

and the starting point for the invention story is the prior art, the invention story of WO '128 is irrelevant and a waste of time.  (*Id.* at 439 of 444).

I tend to think that the invention story of WO '128 is generally not the invention story of the asserted patent, but that does not mean it is irrelevant.  I expect Plaintiff's theory is something like, the story tends to show a problem that people were trying to solve, the difficulty in doing so, and that WO '128 was not a complete solution, with the inference that finding a complete solution was not so apparent.  In that sense, some history may be relevant.  In addition, at a broader level, the content and the teachings of the prior art are relevant, not just to obviousness, but perhaps also to enablement, which Defendant has on its laundry list of invalidity defenses.  And I think, with the able advocacy of Defendant's counsel, I can probably avoid becoming confused about what is or is not prior art.  Thus, the motion in limine will be **DENIED.**

IT IS SO ORDERED this 6th day of May 2021.

/s/ Richard G. Andrews
United States District Judge