### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ASTRAZENECA AB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 18-664-RGA |
| ZYDUS PHARMACEUTICALS (USA) INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF'S MOTION TO CORRECT
### LIMITED PORTION OF TRIAL OPINION

Plaintiff AstraZeneca AB ("AstraZeneca") respectfully moves the Court, pursuant to Fed. R. Civ. P. 60(a) or, in the alternative, pursuant to Fed. R. Civ. P. 52(b), to correct a limited portion of the Court's October 15, 2021, Trial Opinion (D.I. 170), as it pertains to the definition of a person of ordinary skill in the art (a "POSA") outlined by the Court in its Finding of Fact No. 1. Dr. Batchelor's extensive qualifications are undisputed, Dr. Batchelor's testimony has already been accepted and credited by the Court, and the requested correction to the POSA definition should not change any of the legal conclusions described in the Court's Trial Opinion; nevertheless, AstraZeneca believes there is good cause to make the requested correction in order to more accurately reflect the intentions of the Court and the parties and to conform the Court's Trial Opinion to the evidence presented at trial.

1.      AstraZeneca has consistently asserted that a POSA with regard to the chemistry aspects of the patent-in-suit could either have a Ph.D. in chemistry and several years of practical experience or have a B.S. or M.S. in chemistry with significantly more than several years' experience. (D.I. 135-1, Ex. B, ¶ 297; Tr. 302:1-20.) Although the "B.S. or M.S." alternative was

not expressly recited in AstraZeneca's Proposed Findings of Fact (cited by the Court in its Finding of Fact No. 1), AstraZeneca did cite to and rely on Dr. Batchelor's trial testimony regarding the definition of a POSA, which included the "B.S. or M.S." concept, in its Proposed Findings of Fact. (*See* D.I. 159, ¶ 22 (citing Tr. 302:1-20).) The definition of a person of ordinary skill in the art included in the Court's Trial Opinion (D.I. 170, Finding of Fact No. 1) cites to AstraZeneca's Proposed Findings of Fact (D.I. 159 ¶ 22), which inadvertently omitted a portion of AstraZeneca's proposed definition of a person of ordinary skill in the art. AstraZeneca's proposed definition of a person of ordinary skill in the art is accurately reflected in the Pretrial Order (D.I. 135-1, Ex. B, ¶ 297) and Dr. Batchelor's trial testimony (Tr. 302:1-20).

2.      In its Trial Opinion, the Court relied on and found credible the testimony of Dr. Batchelor. (*See* D.I. 170 at 5, 8.) While Dr. Batchelor does not have a Ph.D. in chemistry, he does have a Ph.D. in a medicine-related field (Immunology), a B.S. in chemistry, and more than thirty years of work experience in drug discovery and development, including structure activity relationships and the *in vitro* and *in vivo* assays used to evaluate the potency, selectivity, and potential toxicity of drug candidates, and is thus a POSA under AstraZeneca's definition of a POSA. (Tr. 253:23-257:22, 328:14-329:23, 335:2-9; PTX0272 at 1-2.) Based on the Court's reliance on Dr. Batchelor's testimony in reaching its ultimate conclusions, AstraZeneca respectfully submits that the Court intended to include someone with Dr. Batchelor's qualifications within the definition of a POSA and inadvertently omitted the "B.S. or M.S." concept in its definition of a POSA because of the inadvertent omission in AstraZeneca's Proposed Findings of Fact. As a result, AstraZeneca respectfully requests that the Court amend its October 15, 2021, Trial Opinion pursuant to Fed. R. Civ. P. 60(a), or, alternatively, pursuant to Fed. R. Civ. P. 52(b), to include the "B.S. or M.S." concept in its definition of a POSA.

2

3.      Under Fed. R. Civ. P. 60(a), the Court is permitted to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a); *see, e.g.*, *Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187, 1192 (Fed. Cir. 2009) ("Courts enjoy broad discretion to correct clerical errors ['or a mistake arising from oversight or omission'] in previously issued orders in order to conform the record to the intentions of the court and the parties."); *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 & n.11 (2d Cir. 2007) (holding that trial court properly corrected an omission from a judgment to conform with the court's original intent); *In re Walter*, 282 F.3d 434, 440-41 (6th Cir. 2002) ("[A] court properly acts under Rule 60(a) when it is necessary to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial [and] . . . make the judgment or record speak the truth.'") (quoting *Vaughter v. Eastern Air Lines, Inc.*, 817 F.2d 685, 689 (11th Cir. 1987)).

4.      AstraZeneca therefore respectfully requests that Finding of Fact No. 1 of Section IV.A of the Court's Trial Opinion (D.I. 170) be corrected under Fed. R. Civ. P. 60(a) to add the underlined portion, as show below:

> A person of ordinary skill in the art is a pharmaceutical chemist with a Ph.D. and several years of experience in research and development of new pharmaceutical compositions, including experience in synthetic organic chemistry and structure activity relationship (SAR) analysis (D.I. 161, ¶ 1, D.I. 159, ¶ 22). <u>Alternatively, a POSA may have a B.S. or M.S. degree in chemistry with significantly more experience. (D.I. 135-1, Ex. B, ¶ 297, Tr. 302:1-20).</u> The POSA would either have a basic knowledge of the disease to be treated, as well as the relevant assays for evaluating a drug candidate for that disease, or work with a medical doctor with drug development training for that disease. (D.I. 161, ¶ 1, D.I. 159, ¶ 22).

5.      In the alternative to correction under Fed. R. Civ. P. 60(a), AstraZeneca respectfully requests that the Court amend the Finding of Fact No. 1 of Section IV.A of the Court's Trial Opinion, pursuant to Fed. R. Civ. P. 52(b), to include the alternative credentials of a

POSA shown in the paragraph above. Factual determinations made by a district court are correctable if the judge who heard the evidence believes that they are necessary and capable of being made without the grant of a new trial. *See, e.g.*, *U.S. Gypsum Co. v. Schiavo Bros.*, 668 F.2d 172, 180 (3d Cir. 1981) ("[Rule 52(b)] permits counsel to ask the court to correct, on the non-jury record before it, any errors of law, mistakes of fact or oversights that require correction."). As outlined above, this amendment is necessary to correct a mistake of fact that was caused by an inadvertent omission in AstraZeneca's Proposed Findings of Fact. Because evidence of the "B.S. or M.S." concept was properly presented previously (*see* D.I. 135-1, Ex. B, ¶ 297; Tr. 302:1-20), no new trial is necessary and relief under Fed. R. Civ. P. 52(b) is proper.

6.      For the foregoing reasons, AstraZeneca respectfully requests relief under Fed. R. Civ. P. 60(a) or, in the alternative, under Fed. R. Civ. P. 52(b).

4

Dated: October 26, 2021

McCARTER & ENGLISH, LLP

/s/ *Daniel M. Silver*
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Alexander M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

*Of Counsel:*

Charles E. Lipsey
Ryan P. O'Quinn
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
1875 Explorer Street
Suite 800
Reston, VA 20190-6023
(571) 203-2700
(202) 408-4400 (fax)
Charles.Lipsey@finnegan.com
Ryan.O'Quinn@finnegan.com

Jill K. MacAlpine
Matthew Hlinka
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000
(202) 408-4400 (fax)
Jill.MacAlpine@finnegan.com
Matthew.Hlinka@finnegan.com

John D. Livingstone
M. David Weingarten
Megan L. Meyers
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
271 17th Street, NW, Suite 1400
Atlanta, GA 30363
(404) 653-6400
(202) 408-4400 (fax)
John.Livingstone@finnegan.com
David.Weingarten@finnegan.com
Megan.Meyers@finnegan.com

*Attorneys for Plaintiff*
*AstraZeneca AB*

6