**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTRAZENECA AB, <br><br>                       Plaintiff, <br><br>     v. <br><br> ZYDUS PHARMACEUTICALS (USA) INC., <br><br>                   Defendant. | C.A. No. 1:18-cv-00664-RGA |

**ZYDUS PHARMACEUTICALS (USA) INC.'S**
**OPPOSITION TO MOTION TO CORRECT TRIAL OPINION**

Zydus objects to AstraZeneca's motion to correct the trial opinion to supply a definition of a POSA that AstraZeneca admits it did not proffer in its Proposed Findings of Fact.

Neither of the Federal Rules that AstraZeneca cites allows the relief it seeks.  Rule 60(a) applies to "errors mechanical in nature, apparent on the record . . . ."  *In re Sebela Pat. Litig.*, No. 14-6414-CCC-MF, 2020 WL 10964593, at *3 (D.N.J. May 29, 2020) (internal quotation marks omitted); *see also Agro Dutch Indus. Ltd. v. United States*, 589 F.3d 1187, 1192 (Fed. Cir. 2009) (Rule 60(a) may be used to correct a clerical or typographical error).  Rule 60(a) does not apply here because the purported error that AstraZeneca identifies was not a "clerical mistake" or omission.  The Court adopted the definition of a POSA that AstraZeneca articulated in its Proposed Findings of Fact.  *See* D.I. 159, ¶ 22.  A party's own oversight should not be pinned on the Court under the guise of a "clerical mistake" or oversight.  *See In re Sebela Pat. Litig.*, 2020 WL 10964593, at *3 (denying motion where "the language [the movant] seeks to correct is language that *it drafted and submitted to this Court* in its proposed judgment, and not language inadvertently used by this Court") (emphasis in original) (internal quotation marks omitted).

AstraZeneca's cited cases are distinguishable.  *Agro Dutch Industries Ltd. v. United States*, 589 F.3d 1187 (Fed. Cir. 2009), involved modification of an injunctive order's effective date to give effect to the parties' stated intentions.  *Robert Lewis Rosen Associates, Ltd. v. Webb*, 473 F.3d 498 (2d Cir. 2007), involved correction of a clear clerical mistake in affirming an arbitrator's opinion.  Similarly, *In re Walter*, 282 F.3d 434 (6th Cir. 2002), involved a clerical error regarding the clear language of a prior bankruptcy court order.

Rule 52(b) is even farther afield.  Relief under that provision is an "extraordinary remedy" available only when "the movant demonstrates either: (1) a change in the controlling law; (2) availability of new evidence not available when the decision issued; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice."  *Pfizer Inc. v. Sandoz Inc.*, No. 13-1110-GMS, 2015 WL 6755211, at *1 (D. Del. Nov. 4, 2015).  There has been no change in controlling law and no new evidence has become available.  And AstraZeneca can hardly complain that it was a "clear error of law or fact" or "manifest injustice" to adopt the very articulation of a POSA's qualifications that it itself proposed.

For these reasons, Zydus respectfully requests that the Court deny AstraZeneca's requested relief.

Dated: November 9, 2021

Respectfully submitted,

By: */s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (No. 110)
Megan C. Haney (No. 5016)
PHILLIPS MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Of counsel*

Michael J. Gaertner (admitted *pro hac vice*)
Myoka Kim Goodin (admitted *pro hac vice*)
Jennifer M. Coronel (admitted *pro hac vice*)
Christopher J. Cassella (admitted *pro hac vice*)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0700

Alan B. Clement (admitted *pro hac vice*)
Zhibin Li, Ph.D. (admitted *pro hac vice*)
LOCKE LORD LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281-2101
(212) 415-8600

*Attorneys for Zydus Pharmaceuticals (USA) Inc.*