IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ASTRAZENECA AB, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 18-664-RGA |
| ZYDUS PHARMACEUTICALS (USA) INC., | ) ) ) | |
| Defendant. | ) ) ) ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION
TO CORRECT LIMITED PORTION OF TRIAL OPINION**

Zydus's Opposition (D.I. 176) does not contest that AstraZeneca's proposed correction to the Court's Trial Opinion (D.I. 170, Finding of Fact No. 1) would more accurately reflect the intentions of the Court and the parties and conform the Court's Trial Opinion to the evidence presented at trial. Instead, Zydus only disputes the Court's authority to correct the Trial Opinion under the Federal Rules. But, as explained in Plaintiff's Motion (D.I. 172) and below, adequate authority for the requested correction exists at least under Rule 60(a) and Rule 52(b).

Zydus first contends that Rule 60(a) does not apply here because the Court adopted the definition of a POSA articulated in AstraZeneca's Proposed Findings of fact. (D.I. 176 at 1.) But Zydus's assertion that Rule 60(a) cannot be used to correct an error originating from a party is unsupported. Rule 60(a) does not specify that the error must be solely the Court's, and Zydus cites no authority stating that Rule 60(a) cannot be used to correct an error caused directly or indirectly by a party. Indeed, such an interpretation of Rule 60(a) would be nonsensical, as it

1

would render a court powerless to correct an error, even if contrary to that court's intentions, if that error was caused by another.

The sole case that Zydus cites in support of its opposition to correcting the Trial Opinion under Rule 60(a), *In re Sebela Pat. Litig.*, No. 14-6414, 2020 WL 10964593 (D.N.J. May 29, 2020), is easily distinguishable. That case involved a motion for clarification of the final judgment, which was denied because the Court did not believe clarification was necessary, not because the Court believed it lacked the discretion to do so. *Id.* at *3 ("The Court does not find that clarification of the Final Judgment is warranted, as the Final Judgment is neither 'ambiguous' nor 'vague.' Instead, the Final Judgment, and the Court's Opinion and Order referenced therein are clear in their scope.").

Here, AstraZeneca respectfully submits that the Court intended to include someone with Dr. Batchelor's qualifications within the definition of a POSA and only failed to do so because of AstraZeneca's omission. As the case law cited in AstraZeneca's Motion demonstrates, the Court has the authority to correct this discrepancy under Rule 60(a). *See* D.I. 172 at 3.

Zydus further contends that relief under Rule 52(b) is inappropriate because "AstraZeneca can hardly complain that it was a 'clear error of law or fact' or 'manifest injustice' to adopt the very articulation of a POSA's qualifications that it itself proposed." (D.I. 176 at 2.) But Zydus again misses the point. AstraZeneca does not dispute that the error was caused by its own omission. But the record is clear that AstraZeneca has otherwise consistently asserted that the definition of a POSA in this case should include the requested "B.S. or M.S." concept (D.I. 135-1, Ex. B. ¶ 297; Tr. 302:1-20), and in its Trial Opinion, the Court repeatedly relied on Dr. Batchelor's testimony in reaching its ultimate conclusions. To the extent AstraZeneca's error was inadvertently incorporated into the Court's Findings of Fact, the Court should not be

precluded from correcting that error merely because the erring party is now bringing it to the Court's attention. Correcting the Court's definition of a POSA in this case to more accurately reflect AstraZeneca's and the Court's intentions would prevent confusion and prevent any dispute over the POSA definition in any related proceedings in the future. *See, e.g.*, *Unix Sys. Labs, Inc. v. Berkeley Software Design, Inc.*, No. 92-1667, 1993 WL 414720, at *5 (D.N.J. Mar. 30, 1993) ("The primary purpose of Rule 52(b) is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as basis for the conclusions of law and judgment entered thereon.") (citation omitted).

The case cited by Zydus in opposition to correction under Rule 52(b) can also be distinguished. In *Pfizer Inc. v. Sandoz Inc.*, No. 13-1110, 2015 WL 6755211, at *3 (D. Del. Nov. 4, 2015), the requested Rule 52(b) amendment to the findings was denied because the moving party raised the inventorship issue for the first time after trial and the requested amendment was not supported by the record. But here, it is undisputed that AstraZeneca's previously proposed POSA definitions included the "B.S. or M.S." concept and that the requested correction to the Trial Opinion is supported by the record. (*See* Tr. 302:1-20 ("And this would be a person of pharmaceutical – a pharmaceutical chemist with a Ph.D. – several years of experience, experience in synthetic chemistry, medicinal chemistry and structure activity relationships. **It might also be a person with a bachelor or a master's degree in chemistry**, significantly more experienced, but also experienced in the structure activity relationships." (emphasis added)); PDX-0245).

For the foregoing reasons, as well as those articulated in AstraZeneca's Motion (D.I. 172), AstraZeneca respectfully requests relief under Fed. R. Civ. P. 60(a) or, in the alternative,

3

under Fed. R. Civ. P. 52(b).

Dated: November 16, 2021

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Alexander M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com

*Of Counsel:*

Charles E. Lipsey
Ryan P. O'Quinn
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
1875 Explorer Street
Suite 800
Reston, VA 20190-6023
(571) 203-2700
(202) 408-4400 (fax)
Charles.Lipsey@finnegan.com
Ryan.O'Quinn@finnegan.com

Jill K. MacAlpine
Matthew Hlinka
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000
(202) 408-4400 (fax)
Jill.MacAlpine@finnegan.com
Matthew.Hlinka@finnegan.com

John D. Livingstone
M. David Weingarten
Megan L. Meyers
FINNEGAN, HENDERSON, FARABOW, GARRETT &
DUNNER, LLP
271 17th Street, NW, Suite 1400
Atlanta, GA 30363
(404) 653-6400
(202) 408-4400 (fax)
John.Livingstone@finnegan.com
David.Weingarten@finnegan.com
Megan.Meyers@finnegan.com

*Attorneys for Plaintiff*
*AstraZeneca AB*